UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-511-FDW
(3:12-cr-380-MOC-2)

| | |
|---|---|
| GERMAN MARTINEZ GARCIA, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 1).

I. **BACKGROUND**

In 2011 and 2012, pro se Petitioner German Martinez Garcia participated in a Mexican drug and gun-smuggling operation in North Carolina. (Crim. Case No. 3:12-cr-380, Doc. No. 43 at 4-7: PSR). Among other things, Petitioner participated in multiple unlawful sales of assault weapons and significant quantities of cocaine to undercover law enforcement officers. (Id.).

In April 2013, Petitioner pleaded guilty, without a plea agreement, to six counts of drug and firearm offenses, including one count of possession of a firearm in furtherance of a "drug trafficking crime," in violation of 18 U.S.C. § 924(c). (Id., Doc. No. 43 at 4; Doc. No. 3 at 3: Indictment). This Court sentenced Petitioner to a total of 84 months' imprisonment in June 2014. (Id., Doc. No. 54 at 2: Judgment). The sentence included a five-year, mandatory minimum prison sentence for Petitioner's Section 924(c) count, see 18 U.S.C. § 924(c)(1)(A)(i), which this Court imposed consecutively to concurrent 24-month sentences for each of the five other counts. (Id.). Petitioner did not appeal.

1

Petitioner placed his motion to vacate in the prison system for mailing on June 21, 2016, and it was stamp-filed in this Court on June 29, 2016. Petitioner contends that he is entitled to relief from his conviction because, in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551, 2563 (2015), a component of the definition of "crime of violence" under 18 U.S.C. § 924(c) is unconstitutionally vague. The Government filed its Response on October 3, 2016. On October 7, 2016, the Court entered an order granting Petitioner thirty days in which to file a Reply, but he did not file a Reply and the time to do so has passed.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner's challenge to his conviction under 18 U.S.C. § 924(c) fails. First, the statute under which he moves, 28 U.S.C. § 2255, imposes a "1-year period of limitation" that runs from the latest of four dates: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action . . . is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if . . . made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f). Petitioner's conviction became final on August 4, 2014,

fourteen days after this Court entered its June 21 judgment, when Petitioner's "time for filing a direct appeal expire[d]." Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005). Because Petitioner filed his motion to vacate more than one year after his conviction became final, his motion to vacate is untimely under 28 U.S.C. § 2255(f)(1).

Furthermore, none of the other subsections of Section 2255(f) applies to render the petition timely. See (Id., Doc. No. 54). Specifically, the Supreme Court's decision in Johnson does not make Petitioner's motion timely under 28 U.S.C. § 2255(f)(3), because Johnson did not initially recognize the right that Petitioner asserts. The Armed Career Criminal Act ("ACCA") provides for a mandatory minimum term of fifteen years in prison for any defendant who violates 18 U.S.C. § 922(g) and who has three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). "Violent felony" is defined to include "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B).

In Johnson, the Supreme Court held that the provision defining "violent felony" to include a prior conviction for an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," known as the "residual clause" of the ACCA's "violent felony" definition, is void for vagueness. Id. at 2558. The Supreme Court also held that the clause is void "in all its applications." Id. at 2561. However, the Court did not strike the remainder of the "violent felony" definition, including the four enumerated offenses and the "force clause" of § 924(e)(2)(B)(i). Id. at 2563. As a result of Johnson, a defendant who was sentenced pursuant to a statutory mandatory minimum term based on a prior conviction that

3

satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. Where, however, the prior convictions upon which his enhanced sentence is based qualify as violent felonies under the "force clause," or qualify as one of the four enumerated offenses, no relief is warranted. On April 18, 2016, the Supreme Court held in Welch v. United States, 136 S. Ct. 1257, 1265 (2016), that Johnson is retroactively applicable on collateral review.

Here, Petitioner does not assert a right to relief from an increased sentence under the residual clause of the ACCA. The ACCA played no role in Petitioner's sentence. Instead, Petitioner seeks relief from his conviction under 18 U.S.C. § 924(c), a different provision with language different from the ACCA. The statute under which Petitioner was convicted, 18 U.S.C. § 924(c), prohibits the possession of a firearm in furtherance of either of two kinds of crimes: (1) a "crime of violence" and (2) a "drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). Another subsection of the statute, 18 U.S.C. § 924(c)(3), defines the term "crime of violence." Petitioner contends that a component of this definition, 18 U.S.C. § "924(c)(3)(b)[,] employs language that is void for vagueness." (Doc. No. 1 at 2). However, as Petitioner acknowledges in his motion to vacate, he was charged with and pleaded guilty to possessing a firearm in furtherance of only a "drug trafficking crime." See (Crim. Case No. 3:12cr380, Doc. No. 3 at 3: Indictment). Petitioner was not convicted of possessing a firearm in furtherance of a crime of violence. Thus, any defect in the definition of "crime of violence"—a statutory provision under which Petitioner was not charged—would not entitle him to relief from his conviction under Johnson.[1]

---

[1] As the Government notes, "the Supreme Court has not taken a position on whether Johnson applies to section 924(c)(3)(B)." In re Fields, 826 F.3d 785, 786 (5th Cir. 2016). The Government also points to other courts that have held that Johnson does not apply to Section 924(c)(3)(B). See United States v. Cuong Gia Le, No. 1:16cv812, 2016 WL 4718947, at *8 (E.D. Va. Sept. 8, 2016) (stating that "the only circuits that have squarely addressed the issue

4

In sum, Petitioner's motion to vacate is untimely and, even if Petitioner's motion to vacate were timely, the issue Petitioner seeks to raise offers him no assistance because, as noted, the Johnson holding simply has no bearing on the validity of his conviction.[2]

### IV. CONCLUSION

For the reasons stated herein, the Court will deny and dismiss the § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 motion to vacate, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

---

concluded that Johnson does not invalidate the residual clause of § 924(c)"); Kucinski v. United States, No. 16-cv-201-PB, 2016 WL 4926157, at *4 (D.N.H. Sept. 15, 2016) (same); Brown v. United States, No. 3:16-cv-1177-D-BK, 2016 WL 3960500, at *2 (N.D. Tex. July 1, 2016) (same), report and recommendation adopted as modified, No. 3:16-cv-1177-D, 2016 WL 3926571 (N.D. Tex. July 21, 2016). In any event, since Petitioner was not convicted of possessing a firearm in furtherance of a crime of violence, whether Johnson applies to the residual clause of Section 924(c) is irrelevant here.

[2] The Government also contends that, even if timely, Petitioner's motion would remain subject to dismissal because of his procedural default. The Court need not address this argument because Petitioner's motion to vacate is untimely and, in any event, he simply has no relief under Johnson because Johnson's holding does not apply to him.

Signed: November 26, 2016

Max O. Cogburn Jr.
United States District Judge